Mr. Mark A. Perry Counsel to Lake Worth Drainage District 50 Southeast Fourth Avenue Delray Beach, Florida 33483
Dear Mr. Perry:
You ask substantially the following question:
Is the Lake Worth Drainage District responsible for the costs incurred by the property appraiser to add the district's non-ad valorem assessments in the notice provided pursuant to s. 200.069, Fla. Stat. (1993), as required by Ch. 92-264, Laws of Florida?
In sum:
The Lake Worth Drainage District is not responsible for the costs incurred by the property appraiser to add the district's non-ad valorem assessment in the notice provided pursuant to s. 200.069, Fla. Stat. (1993), as required by Ch. 92-264, Laws of Florida.
In 1992, the Florida Legislature, finding that Palm Beach County has a large number of taxing authorities capable of levying nonad valorem assessments, concluded that additional information should be added to the notice of proposed property taxes required by s. 200.069, Fla. Stat. (1993), "to enhance public understanding of local government for the Palm Beach County taxpayer."[1]
Chapter 92-264, Laws of Florida, a special act relating to Palm Beach County, was passed requiring:
Taxing authorities levying and collecting non-ad valorem taxes pursuant to s. 197.363 or s. 197.3632, Florida Statutes, shall, no later than August 1 of each year, provide to the property appraiser the assessment rate expressed in dollars and cents per unit of assessment, the associated assessment amount and the purpose of the assessment. The property appraiser shall utilize this information in preparing the notice of proposed property taxes pursuant to s. 200.069, Florida Statutes. In addition to the information required in the notice required by s. 200.069, Florida Statutes, the property appraiser shall include non-ad valorem assessments levied pursuant to s. 197.363 or s. 197.3632, Florida Statutes, as separate, itemized entries.[2]
The special act further states that the act should not be considered a special act overriding a general law but rather supplements a general law "by providing for taxpayers of Palm Beach County additional information which is not otherwise readily available."[3]
You state that a question has arisen as to whether the county is responsible for the costs incurred by the property appraiser in including the additional matter in the notice prepared pursuant to s. 200.069, Fla. Stat. (1993), or whether such costs are the responsibility of the taxing authorities such as the Lake Worth Drainage District.
Section 200.069, Fla. Stat. (1993), in prescribing the type of notice of proposed property taxes that must be provided by the property appraiser, provides in part:
[T]he property appraiser, in the name of the taxing authorities within his jurisdiction and at the expense of the county, shall prepare and deliver by first-class mail to each taxpayer to be listed on the current year's assessment roll a notice of proposed property taxes, which notice shall be in substantially the [form prescribed therein].[4] (e.s.)
Section 197.363, Fla. Stat. (1993), on the other hand, provides a method of collection for special assessments and service charges.
Pursuant to s. 197.362(2), Fla. Stat. (1993), special assessments authorized by general or special law or the Constitution may be collected as provided for ad valorem taxes under Ch. 197, Fla. Stat. (1993), if, among other things:
The entity imposing the special assessment has entered into a written agreement with the property appraiser, at his option, providing for reimbursement of administrative costs incurred under this section. . . . (e.s.)
Section 197.3632, Fla. Stat. (1993), provides a uniform method for the levy, collection and enforcement of non-ad valorem assessments. Pursuant to s. 197.3632(2), Fla. Stat. (1993), the governing board of a local government is required "to enter into a written agreement with the property appraiser and tax collector providing for reimbursement of necessary administrative costs incurred under this section." (e.s.)
Chapter 92-264, Laws of Florida, is silent as to which entity is responsible for the cost incurred in complying with the act's provisions. The act, however, concerns the inclusion of additional information in the notice of proposed taxes required under s.200.069, Fla. Stat. (1993), rather than the collection of non-ad valorem assessments. Thus, the provisions of s. 200.069, Fla. Stat. (1993), which make the county responsible for the expense of preparing the notice, rather than s. 197.363 or s. 197.3632, Fla. Stat. (1993), which relate to the collection of such assessments, would appear to control.
Accordingly, in the absence of legislative clarification, I am of the opinion that the Lake Worth Drainage District is not responsible for the costs incurred by the property appraiser to add, as required by Ch. 92-264, Laws of Florida, the district's non-ad valorem assessment in the notice provided pursuant to s.200.069, Fla. Stat. (1993).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 1, Ch. 92-264, Laws of Florida.
[2] Section 2, Ch. 92-264, Laws of Florida.
[3] Section 3, Ch. 92-264, Laws of Florida. Section 3 further provides that in cases of conflict, the general law shall prevail.
[4] Cf., s. 200.069(11), Fla. Stat. (1993), providing that if authorized by resolution of the governing body of the county prior to July 1, and with the written concurrence of the property appraiser, the notice specified therein shall contain a separate line entry for each independent special district in which the property lies; the governing body of the county "shall bear the expense of procuring the form."